## Rixon, Appellant, *v.* Western Union Telegraph Co.

*Telegraph companies—Negligence — Nonliability when under government control.*

A telegraph company is not liable to a person injured by reason of the negligence of one of its employees, where the negligent act was committed after the company's system had been taken over by the federal government under the joint resolution of Congress of July 16, 1918, c. 154, 40 Stat. 904.

Argued January 14, 1921.  Appeal, No. 167, Jan. T., 1921, by plaintiff, from order of C. P. No. 4, Phila. Co., Dec. T., 1919, No. 2683, entering judgment for defendant on affidavit of defense in nature of demurrer in case of Samuel Rixon v. Western Union Telegraph Co.  Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Trespass for personal injuries.  Before McCULLEN, J.
The court entered judgment for defendant on affidavit of defense in nature of demurrer.  Plaintiff appealed.

*Error assigned* was order, quoting it.

*Robert A. Beggs, Jr.,* for appellant.

*H. B. Gill,* for appellee.

PER CURIAM, July 1, 1921:
Under the authority of a joint resolution of Congress, dated July 16, 1918, c. 154, 40 Stat. 904, the President, by proclamation dated July 22, 1918, 40 Stat. 1807, took over the "possession, control and operation" of defendant's and the other telegraph systems of the country, and directed the then Postmaster General to operate them "so long, and to such extent and in such manner as he shall determine, through the owners, managers, boards

of directors, receivers, officers and employees of said telegraph......systems." During the period of such operation, plaintiff alleges he was injured by reason of the negligence of one of those employees. The court below held that, since the government was operating the system, it would be liable for the injury, if any one was, and entered judgment for defendant. Plaintiff alleges that other clauses in the joint resolution and proclamation, show this was not intended; but, since the argument here, the Supreme Court of the United States, upon consideration of those documents, in their entirety, has decided in Western Union Telegraph Company v. Poston, 65 L. Ed. (U. S. Adv.) 709, that defendant is not liable for anything done or omitted after the government took control; and, by reason thereof, the joint resolution, as thus construed, has become "the supreme law of the land": Art. VI, Constitution of the United States.

The judgment of the court below is affirmed.